```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

BEMER USA, LLC,

    Plaintiff,

v.                              Case No. 8:21-cv-948-VMC-TGW

GEORGE GASICH,
YOUCEF BENLOUCIF,
CENTROPIX USA, LLC,

    Defendants.
_____/

## **TEMPORARY RESTRAINING ORDER**

This matter comes before the Court upon consideration of Plaintiff Bemer USA, LLC's Emergency Motion for Temporary Restraining Order (Doc. # 6), filed on April 21, 2021. For the reasons that follow, the Motion is granted as set forth herein.

## **I.   Background**

Bemer initiated this action on April 21, 2021, against its former independent distributors George Gasich and Youcef Benloucif, as well as Gasich and Benloucif's new business, Centropix USA, LLC. (Doc. # 1). Bemer alleges that Gasich and Benloucif have violated their contractual duties of confidentiality, non-competition, and non-solicitation owed to Bemer by using and disclosing Bemer's confidential

1

information, competing with Bemer through their new venture, Centropix, and soliciting Bemer's customers and independent Bremer distributors ("IBDs") to join Centropix.

In light of Centropix's anticipated launch on April 24, 2021, Bemer now seeks an *ex parte* temporary restraining order to enjoin the violations of the various agreements and misappropriation of trade secrets. (Doc. # 6).

## II. Discussion

A court may issue a temporary restraining order if the movant establishes: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). "The movant bears the burden of establishing entitlement to a temporary restraining order." Edwards v. Cofield, No. 3:17-CV-321-WKW, 2017 WL 2255775, at *1 (M.D. Ala. May 18, 2017)(citing Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001)).

"Before addressing whether [Plaintiffs have] met this four-prong showing, however, the Court must first consider

whether [Plaintiffs have] shown adequate justification for failing to give notice to [Defendants]." Emerging Vision, Inc. v. Glachman, No. 10-80734-CIV, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), report and recommendation adopted, No. 10-80734-CIV, 2010 WL 3293351 (S.D. Fla. Aug. 11, 2010). A court may issue a temporary restraining order without notice to the adverse parties or their attorneys only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A) and (B).

Here, Bemer has satisfied all requirements. Indeed, the verified complaint and Motion explain the irreparable harm that Bemer's business will suffer if Defendants launch Centropix as planned on April 24, 2021 — only two days from now. Regarding notice, Bemer has persuasively argued that "Defendants will likely destroy pertinent data upon being served with notice of this legal action." (Doc. # 6 at 22).

Bemer has established a likelihood of success on the merits. Importantly, Bemer has shown that both Gasich and Benloucif accessed Bemer's confidential password-protected

3

information through Bemer.net after they had resigned. (Doc. # 1 at 13-14, 20-21). The Court agrees that the likely purpose of such access of confidential information was to utilize the information kept there for Centropix's benefit as a competitor of Bemer. Furthermore, numerous independent distributors have recently left Bemer, having allegedly been induced to leave in order to join Centropix. (Id. at 19-20). Indeed, according to the verified complaint, "Gasich previously admitted to soliciting" Bemer's independent distributors "to join Centropix during his relationship with Bemer." (Id. at 19).

As mentioned previously, Bemer has established that it will suffer irreparable injury if a temporary restraining order is not entered. "Under Florida law, 'irreparable harm is presumed when a party appropriates or intends to appropriate trade secrets for its own use or the use of another unauthorized party.'" Confianca Moving, Inc. v. De Oliveira, No. 10-23035-CIV, 2011 WL 13269500, at *6 (S.D. Fla. Jan. 24, 2011)(citation omitted). Likewise, "[u]nder Florida law, 'the violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of the restrictive covenant.' Further, '[w]here a defendant ex-employee solicits the

4

plaintiff company's customers . . . irreparable injury is presumed." Accuform Mfg., Inc. v. Nat'l Marker Co., No. 8:19-cv-2220-VMC-AEP, 2020 WL 1674577, at *9 (M.D. Fla. Jan. 13, 2020)(citations omitted), report and recommendation adopted, No. 8:19-cv-2220-VMC-AEP, 2020 WL 634416 (M.D. Fla. Feb. 11, 2020).

The threatened irreparable injury to Bemer outweighs the harm Defendants would suffer, as Gasich and Benloucif had promised not to misappropriate Bemer's confidential information or compete against Bemer during this time.

Finally, the entry of a temporary restraining order would serve the public interest because "enforcement of a valid restrictive covenant encourages parties to adhere to contractual obligations." 7-Eleven, Inc. v. Kapoor Bros. Inc., 977 F. Supp. 2d 1211, 1230 (M.D. Fla. 2013); see also Accuform Mfg., Inc., 2020 WL 1674577, at *10 ("[P]ublic policy favors the enforcement of valid restrictive covenants."); VAS Aero Servs., LLC v. Arroyo, 860 F. Supp. 2d 1349, 1363 (S.D. Fla. 2012)("[A] preliminary injunction would affirmatively serve the public interest by protecting businesses from employees who misappropriate their trade secrets.").

However, the relief the Court grants through this temporary restraining order is more limited than Bemer

5

requests. A temporary restraining order is not the correct means through which to enjoin Defendants' conduct for six or twelve months, as Bemer suggests in its proposed order. The relief afforded by this temporary restraining order is limited to two weeks. If Bemer wishes for further injunctive relief, it may file a proper motion for preliminary injunction.

The Court finds that a nominal bond is proper, especially given that Gasich and Benloucif had contractually waived the bond requirement. Thus, Bemer shall immediately file a bond in the amount of $500.00, which amount the Court finds will adequately protect the interests of Defendants.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Bemer USA, LLC's Emergency Motion for Temporary Restraining Order (Doc. # 6) is **GRANTED** to the extent set forth herein.

(2) Defendants are restrained from directly or indirectly utilizing or disclosing any Bemer Confidential Information, as defined by the IBD Agreement, for a period of 14 days from the date of this temporary restraining order.

(3) Gasich and Benloucif are restrained from competing with Bemer, for a period of 14 days from the date of this temporary restraining order.

(4) Gasich and Benloucif must not sell, or entice others to sell, any medical/wellness device (or any other product) which competes with a medical device or product sold or marketed by Bemer, to Bemer Customers or IBDs for a period of 14 days from the date of this temporary restraining order, provided however, for purposes of this paragraph, a competing product is a product that competes with any product sold by Bemer during an IBD's distributorship.

(5) Gasich and Benloucif must not encourage, solicit, or otherwise attempt to recruit or persuade any other IBD to compete with the business of Bemer, including without limitations to solicit for employment or as an independent contractor any person who is as of the date of such solicitation or who was within the 12-month period prior to the date of such solicitation an employee or independent contractor of Bemer, for a period of 14 days from the date of this temporary restraining order.

(6) Defendants are restrained from directly or indirectly tortiously interfering with Bemer's contracts and

      business relationships with its IBDs for a period of 14 days from the date of this temporary restraining order.

(7) Defendants are restrained from destroying, concealing, or disposing of any documents, paper, electronic files, media (including social media), or other materials that in any way relate to, or are relevant to, the conduct, causes of action, or defenses in this lawsuit, until such time as those materials may be turned over in discovery or until further order of the Court.

(8) Defendants are restrained from altering, modifying, editing, deleting, removing, or writing over in any respect any documents, computer files (including, but not limited to, e-mails, hard drives, disc drives, zip drives), data, drafts, text messages, social media (including, but not limited to posts, comments, reactions, "likes"), other media, including internet or cloud-based storage, or other things relating in any way to Bemer, including information regarding Bemer distributors, customers/clients, property, business opportunity, products, or other business information, until such time as those materials may be turned over in discovery or until further order of the Court.

(9) Bemer shall immediately file a bond in the amount of $500.00.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of April, 2021.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE